IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRRELL COLLINS, | : | |
| | : | Civil No. 1:14-CV-1486 |
| Plaintiff | : | |
| | : | (Chief Judge Conner) |
| v. | : | |
| | : | (Magistrate Judge Carlson) |
| DARREN BATES, et al., | : | |
| | : | |
| Defendants | : | |

## REPORT AND RECOMMENDATION

### I.     Statement of Facts and of the Case

This case, which comes before the Court for screening review, is a *pro se* lawsuit brought by Tyrrell Collins against two Harrisburg police officers and one institutional defendant, the Harrisburg Police Bureau.  (Doc. 1.)  In his spare 4-page complaint Collins alleges that the two police officers used excessive force and engaged in a physically invasive body cavity search during an arrest of the plaintiff. Notably, though, Collins' succinct complaint provides absolutely no information regarding when this event is alleged to have occurred. (Id.) The complaint also names the Harrisburg Police Bureau as an institutional defendant, but makes no factual allegations regarding the alleged conduct of this institutional defendant. (Id.)

Along with his complaint, Collins has filed a motion for leave to proceed *in forma pauperis*. (Doc. 2.)  For the reasons set forth below, we will GRANT the

motion for leave to proceed *in forma pauperis*, but recommend that this complaint be dismissed without prejudice to the filing of an amended complaint.

## II.   Discussion

### A.   Screening of *Pro Se In Forma Pauperis* Complaints–Standard of Review

This Court has a statutory obligation to conduct a preliminary review of *pro se* complaints brought by plaintiffs given leave to proceed *in forma pauperis* in cases which seek redress against government officials.  <u>See</u> 28 U.S.C. § 1915(e)(2)(B)(ii). Specifically, the Court must assess whether a *pro se* complaint fails to state a claim upon which relief may be granted, since Rule 12(b)(6) of the Federal Rules of Civil Procedure provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).   In addition, when reviewing *in forma pauperis* complaints, 28 U.S.C. § 1915(e)(2)(B)(ii) specifically enjoins us to "dismiss the complaint at any time if the court determines that . . . the action . . . fails to state a claim upon which relief may be granted.  This statutory text mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure, which provides that a complaint should be dismissed for "failure to state a claim upon which relief can be granted."  Fed. R. Civ. P. 12(b)(6).

With respect to this benchmark standard for legal sufficiency of a complaint, the United States Court of Appeals for the Third Circuit has aptly noted the evolving standards governing pleading practice in federal court, stating that:

> Standards of pleading have been in the forefront of jurisprudence in recent years.  Beginning with the Supreme Court's opinion in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007) continuing with our opinion in <u>Phillips</u> [<u>v. County of Allegheny</u>, 515 F.3d 224, 230 (3d Cir. 2008)] and culminating recently with the Supreme Court's decision in <u>Ashcroft v. Iqbal</u> –U.S.–, 129 S.Ct. 1937 (2009) pleading standards have seemingly shifted from simple notice pleading to a more heightened form of pleading, requiring a p[arty] to plead more than the possibility of relief to survive a motion to dismiss.

<u>Fowler v. UPMC Shadyside</u>, 578 F.3d 203, 209-10 (3d Cir. 2009).

In considering whether a complaint fails to state a claim upon which relief may be granted, the Court must accept as true all allegations in the complaint and all reasonable inferences that can be drawn from the complaint are to be construed in the light most favorable to the plaintiff.  <u>Jordan v. Fox Rothschild, O'Brien & Frankel, Inc.</u>, 20 F.3d 1250, 1261 (3d Cir. 1994).  However, a court "need not credit a complaint's bald assertions or legal conclusions when deciding a motion to dismiss." <u>Morse v. Lower Merion Sch. Dist.</u>, 132 F.3d 902, 906 (3d Cir. 1997).  Additionally a court need not "assume that a ... p[arty] can prove facts that the ... p[arty] has not alleged."  <u>Associated Gen. Contractors of Cal. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  As the Supreme Court held in <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544 (2007), in order to state a valid cause of action a

party must provide some factual grounds for relief which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of actions will not do." Id. at 555.  "Factual allegations must be enough to raise a right to relief above the speculative level." Id.

In keeping with the principles of Twombly, the Supreme Court has underscored that a trial court must assess whether a complaint states facts upon which relief can be granted when ruling on a motion to dismiss.  In Ashcroft v. Iqbal, 556 U.S. 662 (2009), the Supreme Court held that, when considering a motion to dismiss, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id. at 679.  According to the Supreme Court, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678.  Rather, in conducting a review of the adequacy of complaint, the Supreme Court has advised trial courts that they must:

> [B]egin by identifying pleadings that because they are no more than conclusions are not entitled to the assumption of truth.  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.  When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

Id. at 679.

Thus, following <u>Twombly</u> and <u>Iqbal</u> a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a complaint must recite factual allegations sufficient to raise the party's claimed right to relief beyond the level of mere speculation.  As the United States Court of Appeals for the Third Circuit has stated:

> [A]fter <u>Iqbal</u>, when presented with a motion to dismiss for failure to state a claim, district courts should conduct a two-part analysis.  First, the factual and legal elements of a claim should be separated.  The District Court must accept all of the . . .  well-pleaded facts as true, but may disregard any legal  conclusions.  Second, a District Court must then determine whether the facts alleged . . .  are sufficient to  show that the plaintiff has a "plausible claim for relief."  In other words, a complaint must do more than allege the p[arty's] entitlement to relief.  A complaint has to "show" such an entitlement with its facts.

<u>Fowler</u>, 578 F.3d at 210-11.

As the court of appeals has observed:  "The Supreme Court in <u>Twombly</u> set forth the 'plausibility' standard for overcoming a motion to dismiss and refined this approach in <u>Iqbal</u>.  The plausibility standard requires the complaint to allege 'enough facts to state a claim to relief that is plausible on its face.' <u>Twombly</u>, 550 U.S. at 570, 127 S.Ct. 1955. A complaint satisfies the plausibility standard when the factual pleadings 'allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556, 127 S.Ct. 1955).  This standard requires showing 'more than a sheer possibility that a defendant has acted unlawfully.' <u>Id</u>.  A complaint which pleads facts 'merely

consistent with' a defendant's liability, [ ] 'stops short of the line between possibility and plausibility of "entitlement of relief." ' " <u>Burtch v. Milberg Factors, Inc.</u>, 662 F.3d 212, 220-21 (3d Cir. 2011) <u>cert. denied,</u> 132 S. Ct. 1861, 182 L. Ed. 2d 644 (U.S. 2012).

In practice, then, consideration of the legal sufficiency of a complaint entails a three-step analysis: "First, the court must 'tak[e] note of the elements a p[arty] must plead to state a claim.' <u>Iqbal</u>, 129 S.Ct. at 1947. Second, the court should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.' <u>Id.</u> at 1950. Finally, 'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.' <u>Id.</u>" <u>Santiago v. Warminster Tp.</u>, 629 F.3d 121, 130 (3d Cir. 2010).

In addition to these pleading rules, a civil complaint must comply with the requirements of Rule 8(a) of the Federal Rule of Civil Procedure which defines what a complaint should say and provides that:

> (a) A pleading that states a claim for relief must contain (1) a short and plain statement of the grounds for the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought, which may include relief in the alternative or different types of relief.

Thus, a well-pleaded complaint must contain more than mere legal labels and conclusions.  Rather, a *pro se* plaintiff's complaint must recite factual allegations which are sufficient to raise the plaintiff's claimed right to relief beyond the level of mere speculation, set forth in a "short and plain" statement of a cause of action.

In this regard, one of the basic requisites for a civil complaint is that it must recites some essential facts tying the defendants to some alleged misconduct.  A complaint should also, in simple terms, identify when and where these events are alleged to have occurred.  This fundamental requirement is driven both by matters of principle, and by pragmatic considerations.  As a matter of principle and practice, a basic factual recital is essential in a complaint because it is simply impossible without such averments to properly assign individual responsibility to a particular defendant without some factual description of what has transpired.  Therefore, it is incumbent upon a plaintiff to describe who he seeks to sue, and what these parties did that violated the plaintiff's rights.  When a plaintiff fails in this basic responsibility, it is the duty of the court to dismiss his claims.  See, e.g., Moss v. United States, 329 F. App'x 335 (3d Cir. 2009)(dismissing illegible complaint); Radin v. Jersey City Medical Center, 375 F. App'x 205 (3d Cir. 2010); Earnest v. Ling, 140 F. App'x 431 (3d Cir. 2005)(dismissing complaint where "complaint fails to clearly identify which parties [the plaintiff] seeks to sue"); Oneal v. U.S. Fed. Prob., CIV.A. 05-5509 (MLC), 2006 WL 758301 (D.N.J. Mar. 22, 2006)(dismissing complaint consisting of

approximately 50 pages of mostly-illegible handwriting); <u>Gearhart v. City of</u> <u>Philadelphia Police</u>, CIV.A.06-0130, 2006 WL 446071 (E.D. Pa. Feb. 21, 2006) dismissing illegible complaint).  Further, in order to satisfy the strictures of Rule 8, a complaint must also contain a coherent prayer for relief, demanding relief from a defendant that lies within the power of the defendant to provide.  <u>See</u> <u>Klein v. Pike</u> <u>Cnty. Comm'rs</u>, CIV.A. 11-278, 2011 WL 6097734 (M.D. Pa. Dec. 6, 2011)(failure to articulate a prayer for relief compels dismissal); <u>Snyder v. Snyder</u>, 4:12-CV-105, 2012 WL 512003 (M.D. Pa. Jan. 24, 2012) <u>report and recommendation adopted,</u> 4:12-CV-105, 2012 WL 511993 (M.D. Pa. Feb. 15, 2012)(same).

Applying these legal benchmarks, we conclude that this complaint is fatally flawed in the following respects and should, therefore, be dismissed without prejudice to he filing of an amended complaint.

## B.    <u>The Complaint Fails to Comply With Rule 8</u>

In its current form this complaint is flawed in several fundamental respects. First, the complaint is subject to dismissal because it fails in one respect to comply with Rule 8's basic injunction that "A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief."  It is well-settled that: "[t]he Federal Rules of Civil Procedure require that a complaint contain 'a short and plain statement of the claim showing that the pleader

is entitled to relief,' Fed.R.Civ.P. 8(a)(2), and that each averment be 'concise, and direct,' Fed.R.Civ.P. 8(e)(1)." Scibelli v. Lebanon County, 219 F.App'x 221, 222 (3d Cir. 2007).  Thus, when a complaint is "illegible or incomprehensible", id., or when a complaint "is not only of an unwieldy length, but it is also largely unintelligible", Stephanatos v. Cohen,  236 F.App'x 785, 787 (3d Cir. 2007), an order dismissing a complaint under Rule 8 is clearly appropriate.  See, e.g., Mincy v. Klem, 303 F.App'x 106 (3d Cir. 2008); Rhett v. New Jersey State Superior Court, 260 F.App'x 513 (3d Cir. 2008); Stephanatos v. Cohen. supra;  Scibelli v. Lebanon County, supra;  Bennett-Nelson v. La. Bd. of Regents, 431 F.3d 448, 450 n. 1 (5th Cir.2005).  Dismissal under Rule 8 is also proper when a complaint "left the defendants having to guess what of the many things discussed constituted [a cause of action];" Binsack v. Lackawanna County Prison, 438 F. App'x 158 (3d Cir. 2011), or when the complaint is so "rambling and unclear" as to defy response. Tillio v. Spiess, 441 F.App'x 109 (3d Cir. 2011).  Similarly, dismissal is appropriate in " 'those cases in which the complaint is so confused, ambiguous, vague, or otherwise unintelligible that its true substance, if any, is well disguised.'   Simmons v. Abruzzo, 49 F.3d 83, 86 (2d Cir.1995) (quotations omitted)." Tillio v. Spiess, 441 F. App'x 109, 110 (3d Cir. 2011); Tillio v. Northland Grp. Inc., 456 F. App'x 78, 79 (3d Cir. 2012).

These principles are applicable here, and compel the dismissal of this complaint since the complaint fails to allege when this conduct took place.  The failure to allege

this basic fact could leave "defendants having to guess what of the many things discussed constituted [a cause of action]." <u>Binsack v. Lackawanna County Prison</u>, 438 F. App'x 158 (3d Cir. 2011).  It also frustrates any efforts to determine whether this pleading was timely filed within the statute of limitations.  Therefore, Rule 8 compels dismissal of the complaint, without prejudice to the filing of an amended complaint which states when these events are alleged to have occurred.[1]

## C.   <u>The Police Department is Not a Proper Institutional Defendant</u>

In addition, we note that the Harrisburg Police Bureau is not be a proper institutional defendant in this action since police departments serve only as an administrative arm of a municipality, and it is a municipality through which any liability must flow to the police department.  Indeed, it has been repeatedly held that a police department is not a "person" for purposes of § 1983 and, therefore, is not a proper defendant in a § 1983 action.  <u>Blackwell v. Middletown Borough Police Dep't</u>, 1:12-CV-825, 2012 WL 6012568 (M.D. Pa. Nov. 16, 2012), <u>report and recommendation adopted</u>, 1:12-CV-825, 2012 WL 6002689 (M.D. Pa. Nov. 30, 2012), citing <u>Golya v. Golya</u>, 2007 U.S. Dist. LEXIS 58093, *29–30 (M.D.Pa.2007) (explaining that courts within the Third Circuit have concluded that a police

---

[1]In the first instance Rule 8 dismissals are often entered without prejudice to allowing the litigant the opportunity to amend and cure any defects.  <u>See, e.g.</u>, <u>Rhett v. New Jersey State Superior Court</u>, 260 F.App'x 513 (3d Cir. 2008); <u>Stephanatos v. Cohen</u>. <u>supra</u>;  <u>Scibelli v. Lebanon County, supra.</u>

department is merely a sub-unit of the local government and is not amenable to suit under § 1983); Wivell v. Liberty Township Police Dept., 2007 U.S. Dist. LEXIS 54306, *5–6 (M.D.Pa.2007) (explaining that police department not subject to suit in a § 1983 action); Mitros v. Cooke, 170 F.Supp.2d 504, 507 (E.D.Pa.2001) (city police department is a sub-unit of the city government that is merely a vehicle through which the city fulfills its policing functions, and is not a separate entity for purposes of suit; Tobin v. Badamo, 3:00CV783, 2000 WL 1880262 (M.D.Pa. Dec.20, 2000) (municipal police department is not a proper party to a section 1983 action because it is merely a subunit of the city and not a separate corporate entity); McMahon v. Westtown–East Goshen Police Dept., No. Civ.A. 98–3919, 1999 WL 236565, 1999 U.S. Dist. LEXIS 5551, at *4 (E.D.Pa. Apr.22, 1999) (citing Johnson v. City of Erie, 834 F.Supp. 873, 878–79 (W.D.Pa.1993) and Agresta v. City of Philadelphia, 694 F.Supp. 117, 119 (E.D.Pa.1988)); Johnson v. City of Erie, Pa., 834F.Supp.873, 879 (W. D.Pa.1993).

In light of this consistent case law rejecting efforts to name local police departments as institutional defendants in §1983 actions, it is recommended that Collins' claims against this institutional defendant also be dismissed.

### D.   The Complaint Should be Dismissed Without Prejudice

We recognize that *pro se* plaintiffs should be afforded an opportunity to amend a complaint before the complaint is dismissed with prejudice, see Fletcher-Hardee

Corp. v. Pote  Concrete Contractors, 482 F.3d 247, 253 (3d Cir. 2007), unless it is

clear that granting further leave to amend would be futile, or result in undue delay.

Alston v. Parker, 363 F.3d  229, 235 (3d Cir. 2004).  In this case, Collins has not

alleged facts that would state a claim upon which relief may be granted.  Nonetheless,

in order to preserve the plaintiff's rights, it is recommended that this matter be

dismissed without prejudice to Collins attempting to amend this federal complaint  to

state a claim upon which relief may be granted in federal court, by including proper

allegations that meet the requirements of federal law.

### III.   **Recommendation**

Accordingly,  for  the  foregoing  reasons,  the  plaintiff's  motion  for  leave  to

proceed *in forma pauperis* (Doc. 2.) is GRANTED , but  IT IS RECOMMENDED that

the plaintiff's complaint be dismissed for the failure to state a claim upon which relief

can be granted, but that the dismissal of this action be without prejudice to any effort

by the plaintiff to timely allege facts in an amended complaint which might state a

claim upon which relief may be granted, provided that the plaintiff acts within 20 days

of any dismissal order.

The plaintiff is further placed on notice that pursuant to Local Rule 72.3:

Any  party  may  object  to  a  magistrate  judge's  proposed  findings,
recommendations or report addressing a motion or matter described in 28
U.S.C. § 636 (b)(1)(B) or making a recommendation for the disposition
of a prisoner case or a habeas corpus petition within fourteen (14) days

after being served with a copy thereof.  Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections.  The briefing requirements set forth in Local Rule 72.2 shall apply.  A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge.  The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record.  The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Submitted this 1st day of August, 2014.

_**S/Martin C. Carlson**_
Martin C. Carlson
United States Magistrate Judge